IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHAWN LEE ALLRED<br><br>Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR DEFAULT JUDGMENT**<br><br>Case No: 2:06-CV-566 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

Plaintiff Shawn Lee Allred, an inmate at the United States Penitentiary-Victorville, filed suit under 42 U.S.C. § 1983 alleging that the Social Security Administration wrongfully cut off his social security benefits, failed to make back payments, and failed to pay benefits owed to his son. Allred has also filed a motion for default judgment,[1] a Motion to Appoint Counsel,[2] and a Motion to Enforce Previous Order for Back Pay and Benefit Relief.[3] Because Allred is proceeding pro se, the court construes his allegations liberally.[4]

---

[1] Docket no. 30, filed January 10, 2008.

[2] Docket no. 27, filed August 13, 2007.

[3] Docket no. 28, filed August 13, 2007.

[4] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Social Security Administration has filed a motion to dismiss for lack of subject matter jurisdiction.[5] As discussed below, the court agrees that because Allred failed to exhaust his administrative remedies, the court does not have jurisdiction over the subject matter in this case. The case will therefore be dismissed, and Allred's motions will be denied.

## PROCEDURAL HISTORY

In support of the motion to dismiss, the Commissioner has submitted the Declaration of Dennis V. Ford, who is the Acting Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Mr. Ford is responsible for processing claims under Titles II and XVI of the Social Security Act whenever a civil action has been filed in the State of Utah. Mr. Ford has reviewed the information available from the electronic computer control system maintained by the Social Security Administration and the Office of Disability Adjudication and Review relating to Allred's claims, and has provided the following information.[6]

1. Allred filed applications for benefits under Titles II and XVI in July 2001. On January 3, 2003, an Administrative Law Judge issued a favorable decision finding Allred to be disabled beginning February 1, 2000.[7] Allred was found to be entitled to Title II benefits as of July 2000, and eligible for Title XVI benefits as of August 2001.[8]

---

[5] Docket no. 26, filed July 11, 2007.

[6] Declaration of Dennis V. Ford ¶ 3, attached to Defendant's Motion to Dismiss.

[7] *Id*. ¶ 3(a).

[8] *Id*. ¶ 3(b).

2. Allred was paid Title II benefits through July 2003. His Title II benefits were effectively suspended beginning August 2003 due to his imprisonment, and they continue to be suspended.[9]

3. Allred was paid Title XVI benefits through October 2003. His Title XVI benefits were suspended effective November 2003 due to his having excess resources. His Title XVI benefits were terminated as of November 2004 due to his having been in suspense status for twelve consecutive months.[10]

4. Based on Allred's covered earnings, no auxiliary Title II benefits were, or are, payable.[11]

5. The computer information system does not reflect any administrative appeal filed by Allred regarding the termination or suspension of his benefits.[12]

## DISCUSSION

**A. Exhaustion Requirement.**

Section 405(g) of the Social Security Act provides the exclusive jurisdictional basis for judicial review of cases arising under the Social Security Act.[13] In order to obtain review under this section, a claimant must first exhaust his administrative remedies. Section 405(g) provides:

---

[9] *Id.* ¶ 3(c).

[10] *Id.* ¶ 3(d).

[11] *Id.* ¶ 3(e).

[12] *Id.* ¶ 3(f).

[13] Section 405(g) authorizes judicial review in cases arising under Title II of the Social Security Act. Section 1383(c)(3) provides that judicial review in Title XVI cases is also available under section 405(g).

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(h) makes clear that section 405(g) provides the exclusive jurisdictional basis for judicial review of social security cases.[14]  Section 405(h) provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.[15]

Judicial review is authorized only after the claimant has exhausted administrative remedies.  The Act provides that an individual may obtain judicial review only after a "final decision of the Commissioner of Social Security made after a hearing to which he was a party."[16]  The Supreme Court has stated that this provision "clearly limits judicial review to a particular type of agency action."[17]  Since the term "final decision" is undefined in the Act, "its meaning is left to the [Commissioner] to flesh out by regulation."[18]

---

[14] The complaint alleges jurisdiction under 42 U.S.C. § 1983.  As one commentator has stated, however, section 1983 does not provide a basis for jurisdiction in social security cases.  2 Harvey L. McCormick, *Social Security Claims & Procedures*, § 13:1 (5th ed. 1998).

[15] 42 U.S.C. § 405(h).

[16] § 405(g).

[17] *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

[18] *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

Under the regulations, a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision.[19] To exhaust his administrative remedies, the claimant must (1) obtain an initial determination,[20] (2) ask for reconsideration,[21] (3) request a hearing before an Administrative Law Judge,[22] and (4) request review by the Appeals Council.[23] The Appeals Council may deny the claimant's request for review, or it may review the case and issue a decision. In either instance, the claimant may then seek judicial review of the Commissioner's decision by filing suit in federal district court within sixty days of receiving notice of the action taken by the Appeals Council.[24] If the claimant does not complete the administrative appeals process, the decision of the Commissioner becomes binding.[25]

In this case, Allred did not file any administrative appeals. Since he did not exhaust his administrative remedies, he did not obtain a judicially reviewable final decision of the Commissioner. Thus, this court lacks jurisdiction over the subject matter in this case.[26]

---

[19] 20 C.F.R.§§ 404.900(a), 416.1400(a); *see Sanders*, 430 U.S. at 102 ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner].") .

[20] 20 C.F.R. §§ 404.902, 416.1402.

[21] 20 C.F.R. §§ 404.907, 416.1407.

[22] 20 C.F.R. §§ 404.929, 416.1429.

[23] 20 C.F.R. §§ 404.967, 416.1467.

[24] 20 C.F.R. §§ 404.981, 416.1481, 422.210.

[25] 20 C.F.R. § 404.905, 404.921, 404.955, 404.981, 416.1405, 416.1421, 416.1455, 416.1481. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000)(stating that if a claimant has failed to request review from the Appeals Council, he may not obtain judicial review because he has failed to exhaust administrative remedies).

[26] *See Heckler v. Ringer*, 466 U.S. 602, 618-19 (1984)(dismissal appropriate for failure to exhaust); *Marshall v. Shalala*, 5. F.3d 453, 455 (10th Cir. 1993).

**B. Court's Authority to Waive Exhaustion Requirement.**

The Supreme Court has held that a district court may excuse the exhaustion requirement "in certain special cases," such as when the claimant raises a challenge that is wholly collateral to the claim for benefits and makes a colorable showing that his injury could not be remedied by retroactive payment of benefits after exhaustion of administrative remedies.[27] In this case, Allred's claim is not wholly collateral to the payment of benefits, and he has alleged no basis for the court to waive his failure to exhaust. Thus, this is not a "special case" where his failure to exhaust may be excused.

**C. The Court May Not Review the Commissioner's Determination that Allred Did Not Have Good Cause for Missing the Appeal Deadline.**

The regulations require a claimant to pursue his appeal rights within a certain period of time.[28] If the claimant is dissatisfied with the Commissioner's decision at any step in the review process, but fails to take the next step within the stated time period, he loses his right to further administrative review, as well as his right to judicial review, unless he can show good cause for his failure to make a timely request for review.[29] Upon a showing of good cause, the

---

[27] *Ringer*, 466 U.S. at 618.

[28] 20 C.F.R. §§ 404.900(a), 416.1400(a).

[29] 20 C.F.R. §§ 404.900(b), 416.1400(b).

Commissioner will extend the time for review.[30]  The Commissioner's decision to deny additional time, however, is not subject to judicial review.[31]

The regulations provide that certain administrative actions are not "initial determinations."  Administrative actions that are not initial determinations may be reviewed by the Commissioner, but are not part of the administrative review process, and are not subject to judicial review.[32]  The regulations specifically provide that the Commissioner's denial of a request to extend the time period for requesting review is not an "initial determination" subject to the review process and ultimately to judicial review.[33]

The Supreme Court has held that the Commissioner's decision not to reopen a prior decision is not subject to judicial review.[34]  A decision not to reopen is similar to, and covered by the same regulation, as a decision not to extend time to request review.[35]  Thus, absent a colorable constitutional claim, the agency's decision not to grant additional time is not reviewable by this court.[36]

---

[30] 20 C.F.R. §§ 404.909(b), 404.911, 404.933(c), 404.968(b), 404.982, 416.1409(b), 416.1411, 416.1433(c), 416.1468(b), 416.1482.

[31] *See Dozier v. Bowen*, 891 F.2d 769, 771 (10th Cir. 1989)(Appeals Council's refusal to grant extension of time to file suit in federal court was not subject to judicial review).

[32] 20 C.F.R. §§ 404.903, 416.1403.

[33] 20 C.F.R. §§ 404.903(j), 416.1403(a)(8).

[34] *Sanders*, 430 U.S. at 107-09.

[35] See 20 C.F.R. §§ 404.903(j) and (l), 416.1403(a)(5) and (8).

[36] *See Sanders*, 430 U.S. at 109.

Allred has not specifically filed an opposition to the motion to dismiss in this case. The court notes, however, that after the Commissioner filed his motion to dismiss, Allred submitted a motion for appointment of counsel in which he seems to argue that he had good cause for failure to exhaust his administrative remedies. He states that from the time of his incarceration in August 2003, he "was transported all over the country against his will," that he filed the required paperwork several times with no response, and that he had "mental illness problems."[37] While it appears possible that under the regulations, some of Allred's excuses, if accepted by the Commissioner, might have been deemed to constitute good cause for Allred's failure to exhaust,[38] there is no evidence in the record that these excuses were ever presented to the Commissioner. As discussed, only the Commissioner has authority to extend the time for appeal, and his decision declining to do so is not judicially reviewable.[39]

**C. Motion for Default Judgment.**

On October 12, 2007, this court ordered the Commissioner to produce a copy of the administrative record in this case together with other pertinent documents.[40] The Commissioner had sixty days from the date of the order in which to respond,[41] which would have made the response due on approximately December 12, 2007. When the Commissioner failed to respond

---

[37] Docket no. 27, filed August 13, 2007. Allred also appears to raise some of these issues in his complaint.

[38] *See, e.g.*, 20 C.F.R. § 404.911 (listing factors the Commissioner considers in determining whether claimant has shown good cause for missing a deadline).

[39] *See Salfi*, 422 U.S. at 766 (stating that exhaustion "may not be dispensed with merely by a judicial conclusion of futility.").

[40] Docket no. 29, filed October 12, 2007.

[41] *Id.* at 2.

by that date, Allred filed a motion for default judgment.[42]  The Commissioner subsequently filed the requested documents on January 16, 2008.[43]

It is well settled that a district court must dismiss a case for lack of subject matter jurisdiction, even when the parties fail to raise the issue.[44]  When a litigant seeks a default judgment against a party for failure to plead or defend,[45] the district court has an affirmative duty to look into its jurisdiction over the subject matter.[46]  In so doing, the court exercises its responsibility to determine whether it has the power to enter the default judgment.[47] As discussed above, this court does not have subject matter jurisdiction in this case.  Since the court does not have subject matter jurisdiction, it likewise does not have the power to enter a default judgment.  Accordingly, Allred's motion for default is denied.

### D.  Motions for Appointment of Counsel and to Enforce Previous Order

Allred has also filed two other motions:  a Motion to Appoint Counsel,[48] and a Motion to Enforce Previous Order for Back Pay and Benefit Relief.[49]  In seeking appointment of counsel to represent him in this case, Allred bears the burden "to convince the court that there is sufficient

---

[42] Docket no. 30, filed January 10, 2008.

[43] Docket no. 33.

[44] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986).

[45] *See* Fed. R. Civ. P. 55(a).

[46] *Williams*, 802 F.2d at 1203.

[47] *Id.*

[48] Docket no. 27, filed August 13, 2007.

[49] Docket no. 28, filed August 13, 2007.

merit to his claim to warrant the appointment of counsel."[50]  Since this court has determined that it lacks subject matter jurisdiction in this case, Allred cannot meet this burden.  Accordingly, Allred's motion for appointment of counsel is denied.  Similarly, because the case is being dismissed for lack of subject matter jurisdiction, the court has no authority to enforce any previous order regarding Allred's social security benefits.  Thus, Allred's motion for enforcement of benefits is also denied.

**ORDER**

The Commissioner's motion to dismiss[51] is **GRANTED**, and the case is dismissed for lack of jurisdiction over the subject matter.  Similarly, there is no basis for the entry of a default judgment.  Accordingly, Allred's motion for default is **DENIED**.[52]  Finally, Allred's Motion to Appoint Counsel,[53] and his Motion to Enforce Previous Order for Back Pay and Benefit Relief[54] are also **DENIED**.

March 17, 2008.

BY THE COURT:

_____
Dale A. Kimball
U.S. District Judge

---

[50]*Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

[51]Docket no. 26, filed July 11, 2007.

[52]Docket no. 30, filed January 10, 2008.

[53]Docket no. 27, filed August 13, 2007.

[54]Docket no. 28, filed August 13, 2007.